**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PROGRESS RESIDENTIAL BORROWER 19, LLC,<br><br>Plaintiff,<br>v.<br><br>RYAN JOSEPH BROWN,<br><br>Defendant. | CIVIL ACTION NO.<br>1:26-cv-06750-AT-RGV |

**MAGISTRATE JUDGE'S FINAL REPORT,**
**RECOMMENDATION, AND ORDER**

This matter is before the Court on defendant Ryan Joseph Brown's ("Brown") affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and notice of removal, [Docs. 1-1 & 1-2]. From the documents before the Court, it appears that plaintiff Progress Residential Borrower 19, LLC ("plaintiff") initially filed this action in the Magistrate Court of Clayton County, Georgia, seeking a writ of possession and past due rent, among other forms of relief, against Brown. See [Doc. 1-2 at 1]. Brown, proceeding without counsel, seeks to remove this

---

[1] The document and page numbers in citations to the record in this Final Report, Recommendation, and Order refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1, 1-1, & 1-2]. For the reasons that follow, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Clayton County, Georgia. For the purpose of remand only, Brown's request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). When a petition for removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte*

remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar Inc., 482 U.S. at 392). Under the well-pleaded complaint rule, plaintiff is "the master of the claim; [plaintiff] . . . may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar

Inc., 482 U.S. at 392 (footnote omitted); Wilson, 2008 WL 544741, at *1 (citations and internal marks omitted). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The burden is on Brown as the removing party to show that the federal court has jurisdiction. Etowah Envtl. Grp., LLC v. Walsh, Civil Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

Brown's attempt to remove this action is deficient in several respects. First, Brown appears to allege in the notice of removal that removal is proper on the basis of federal question jurisdiction.[2] See [Doc. 1-1 at 2]; see also [Doc. 1-3 at 1].

---

[2] To the extent Brown has attempted to assert that the parties are diverse, see generally [Doc. 1-1], diversity jurisdiction would be improper. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (alteration in original) (footnote omitted) (quoting 28 U.S.C. § 1332 (a)(1)). "Under [28 U.S.C.] § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides," however, "[t]he removal statute does not provide an in-state defendant the same flexibility in removing cases." Fed. Nat'l Mortg. Ass'n v. Avendano, Civil Action File No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *3 (N.D. Ga. Oct. 28, 2010), adopted by 2010 WL 4963024, at *1 (N.D. Ga. Nov. 30, 2010) (citing Lincoln Prop. Co., 546 U.S. at 89-90). Indeed, "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if the defendant is a citizen of the [s]tate in

Specifically, Brown claims that the dispossessory proceedings at the center of the state-court action violate federal law—specifically the Fair Housing Act, 42 U.S.C. § 3601 et seq.; the Fourteenth Amendment and 42 U.S.C. § 1983; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. [Doc. 1-1 at 2].[3] However, it appears from the document attached to the notice of removal filed by Brown that

---

which the action is brought." Id. (citations and internal marks omitted). Therefore, "§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because [Brown] [is] [a] citizen[] of the [s]tate of Georgia[.]" Id. at *4 (citations omitted); see also Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (citation omitted); [Doc. 1-3 at 1].

[3] Section 1983 creates no substantive rights, but rather, it provides a vehicle through which an individual may seek redress when her federally protected rights have been violated by an individual acting under color of state law. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (citations omitted). There is no allegation that plaintiff is a state actor or that it acted under color of state law. See generally [Doc. 1-1]. Additionally, while Brown also references the Fair Housing Act, "which does prohibit discrimination in housing on account of race, among other protected characteristics, it is not apparent that the right upon which [Brown] relies is premised on the Fair Housing Act's prohibitions against racial discrimination in housing," as Brown "does not allege that [plaintiff] discriminated against [him] on the basis of [his] race, and []he fails to present any factual allegations that show that []he suffered racial inequality." PDQ Servs., Inc. v. Porter, CIVIL ACTION NO. 1:16-CV-2833-LMM-LTW, 2016 WL 11584047, at *2 (N.D. Ga. Aug. 24, 2016), adopted sub nom. New Millennium Prop. Mgmt. v. Porter, CIVIL ACTION NO. 1:16-CV-2833-LMM-LTW, 2016 WL 11584180, at *1 (N.D. Ga. Aug. 26, 2016); see also [Doc. 1-1]. Furthermore, while Brown may claim plaintiff failed to provide reasonable accommodations to him under the ADA, [Doc. 1-1 at 2], he "does not explain what accommodations he was due," but, "[i]n any event, the ADA does not apply to non-public spaces in private residential facilities such as apartments," Ponder v. Piedmont Pad Apartments, CIVIL ACTION NO. 1:25-CV-5612-SEG, 2025 WL 3567168, at *2 (N.D. Ga. Oct. 31, 2025) (citations omitted).

plaintiff brought a dispossessory action in the Magistrate Court of Clayton County, Georgia, and no federal claim is presented in that dispossessory action, see [Doc. 1-2 at 1], and "[a] defense that raises a federal question is inadequate to confer federal jurisdiction," Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted); see also Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393); Gumbs, 2007 WL 3491744, at *4. Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dhinoja, 705 F. Supp. 2d at 1381 (citation and internal marks omitted).[4] Brown's allegations are thus insufficient to establish that the Court has federal question jurisdiction in this case. See Diamond, 2006 WL 839405, at *2.

Accordingly, because the action initiated by plaintiff in the Magistrate Court of Clayton County is exclusively a matter of state law, the Court lacks subject matter jurisdiction over this action, and the action must therefore be remanded to the Magistrate Court of Clayton County. See Caterpillar Inc., 482 U.S. at 392; Dhinoja, 705 F. Supp. 2d at 1381 (remanding case where "the dispossessory claim that form[ed] the basis of this action [was] exclusively a matter of state law"); see

[4] To the extent that Brown relies on federal law in support of a counterclaim rather than a defense, it is well settled that a counterclaim cannot serve as the basis for federal question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted).

also Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL 6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand in dispossessory action where no federal question was present on the face of the plaintiff's complaint and the requirements for diversity jurisdiction were not satisfied).

For the foregoing reasons, Brown's request to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Clayton County.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED, RECOMMENDED**, and **DIRECTED**, this 17th day of November, 2026.

Russell G. Vineyard

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE